MERRIMAN S. SMITH, JUDGE.
John H. Logan, employed as a laborer with the state road commission at Mount Carbon, Fayette county, West Virginia, contracted lobar pneumonia and died on December 14, 1944. His daughter, Nelvina Logan, the duly appointed adminis-tratrix of his estate, instituted this claim for damages against the state road commission alleging negligence on the part of the state in not furnishing proper transportation for its employees to and from work, The testimony was to the effect that the *239 state provided an open dump truck in transporting four or five of its employees, among them the deceased, from Mount Carbon to various projects ranging from eight to twelve miles; and at this season of the year the work was principally cindering or patching the highway and that under these conditions it was not practical to use a tarpaulin for the men while thus engaged.
It was further adduced from the evidence that Logan had suffered from an asthmatic condition for a number of years, and during the week prior to his critical illness he had contracted a cold, but notwithstanding this condition, he worked every day up to and including Saturday, and on Sunday he became critically ill and when a physician was called on Monday he diagnosed the illness as lobar pneumonia from which he (Logan) died on Thursday.
The testimony further brought out the fact that on Saturday night Logan walked about a mile to the store and back to his home; and from the very nature of the disease of lobar pneumonia it is quite possible that such exposure on a wintry night could have easily caused the disease in question to be contracted by a person of his age and especially so in his already susceptible condition. There was not a scintilla of evidence that connected his development of pneumonia with any act of omission or commission on the part of the state, and it would be a travesty of justice to impose damages for a death from natural causes, as adduced from the death certificate filed as evidence in this claim, and especially since the very nature of the work assumed by the decedent during the previous three years was largely in keeping the snow and ice off the highways during the inclement wintry blasts, so prevalent each year throughout this mountainous section, and to which the deceased was accustomed.
This court refuses to recommend an award to the claimant herein.